# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CEF FUNDING LLC and**
**GE CAPITAL BUSINESS ASSET FUNDING**
**CORPORATION OF CONNECTICUT,**

   **Plaintiffs,**

 v.             Case No. 06-C-405

**JAA ENTERPRISES LLC and**
**JOSEPH A. ARAMANDA,**

   **Defendants.**

## DECISION AND ORDER

On April 4, 2006, plaintiffs CEF Funding LLC and GE Capital Business Asset Funding Corporation of Connecticut brought this action against defendants JAA Enterprises, LLC, and Joseph Aramanda for failure to repay a loan. On May 26, 2006, both defendants appeared and asked for additional time to answer the complaint, which was granted. In July 2006, Aramanda filed a motion to dismiss, but then withdrew such motion shortly thereafter. JAA Enterprises never filed any responsive pleading.

On February 1, 2007, I issued an order noting that plaintiffs had not filed a proof of service of the complaint and summons and thus it was not clear whether plaintiffs had effectuated such service. I warned plaintiffs that if they did not take sufficient action to prosecute the case within 20 days – including filing proofs of service and motions for default judgment – then I would dismiss their case for failure to prosecute. Eight days later, plaintiffs filed proofs of service showing that they had served JAA Enterprises on May 10, 2006, and Aramanda on May 18, 2006, and filed a letter stating that defendants had failed to notify the court that plaintiff had granted them an extension of time to file the answer. Plaintiffs's letter stated that they intended to prosecute this action at least against Aramanda and stated that

they had told the defendants to file a responsive pleading in this action within fifteen days. On March 8, 2007, plaintiffs filed an application with the clerk's office for the entry of default against Aramanda and the clerk entered default against Aramanda. On March 22, 2007, plaintiffs notified the court that plaintiff GE Capital Business Asset Funding Corporation had resolved all of its claims against defendants and that CEF only intended to prosecute one of its claim against Aramanda. That same day, CEF's filed an application for default judgment against Aramada in the amount of $6,782,709.02, representing the loan principal, along with interest and fees. Before me is CEF's application.

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). The Clerk of the Court has entered default against defendants in accordance with Fed. R. Civ. P. 55(a). Thus, the following relevant allegations relating to liability are taken as true: CEF loaned JAA Enterprises $7,000,000, secured by twenty-two Papa John's franchised restaurants in Wisconsin. Aramanda contracted to personally guaranty this loan. JAA Enterprises defaulted on such loan and permitted other entities to attach liens on the collateral properties. The allegations of plaintiff's complaint, taken as true, establish that Aramanda has breached a contract with CEF. Thus, I turn to damages.

"Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." Dundee, 722 F.2d at 1323. A court examining a motion for default judgment should hold a hearing as to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. CEF seeks to recover from Aramanda $6,782,709.02, representing the loan principal, along with interest and fees. CEF has filed an affidavit stating the amount of interest and of each fee.

However, CEF has not filed an affidavit or documentary evidence explaining how it arrived at each dollar amount. As such, a damages hearing is necessary.

For the reasons stated above,

**IT IS ORDERED** that plaintiff GE Capital Business Asset Funding Corporation of Connecticut has voluntarily dismissed its claims against defendants and such plaintiff is no longer a party to this action.

**IT IS FURTHER ORDERED** that defendant JAA Enterprises, LLC, is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that a hearing will be held regarding plaintiff CEF Funding LLC's application for default judgment against defendant Joseph A. Aramanda on **May 18, 2007, at 11:30 a.m.** in Room 390, United States Courthouse, 517 East Wisconsin Ave., Milwaukee, Wisconsin, 53202.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2007.

BY THE COURT:

s/Lynn Adelman
LYNN ADELMAN
District Judge